UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| OREADER CALLAWAY, | : | |
| | : | Civil Action No. 24-264 (KMW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| WARDEN, NEW JERSEY STATE PRISON, et al., | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court on Petitioner Oreader Callaway's petition for a writ of habeas corpus (ECF No. 1) and Petitioner's response (ECF No. 10) to this Court's order directing Petitioner to show cause why his habeas petition should not be dismissed as both untimely and unexhausted. As this Court previously explained to Petitioner,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final ninety days after the New Jersey Supreme Court denied certification on direct appeal on February 2, 2018. *See State v. Callaway*, 232 N.J. 106 (2018); *see also* ECF No. 3 at 22. Petitioner's one-year limitations period thus began to run on May 3, 2018, and would have expired on May 3, 2019, absent a basis for tolling.
>
> While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief ("PCR") is "pending" in the state courts. *Jenkins*, 705 F.3d at 85. A state court petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form. *Id.* (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). According to Petitioner, he filed his first PCR petition on August 15, 2018, 104 days after his one-year limitations period began to run. His PCR petition thereafter remained pending until the New Jersey Supreme Court denied certification as to the PCR appeal on February 10, 2023.[] *State v. Callaway*, 253 N.J. 177 (2023); *see also* ECF No. 3 at 24. Petitioner did not file his habeas petition in this matter until February 6, 2024,[] after 361 further untolled days ran from his one-year limitations period. Thus, even considering statutory tolling, a total of 465 untolled days passed, and Petitioner's habeas limitations period thus expired more than three months before he filed his habeas petition in this matter. Absent a basis for equitable tolling, Petitioner's habeas petition is thus clearly time barred.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Petitioner has failed to present any basis for equitable tolling in his habeas petition, and this Court can deduce no basis for such tolling from the record presented thus far. Petitioner's habeas petition thus appears on its face to be well and truly time barred. Because Petitioner has not yet had a direct opportunity to respond to the statute of limitations issue, however, this Court will permit him to file a response detailing why his petition should not be dismissed as time barred within forty-five days.

In addition to the time bar issue, the Court notices that in his habeas petition, Petitioner directly asserts that his first ground for relief is partially unexhausted. (*See* ECF No. 3 at 6.) A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion

> rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).
>
> Where a habeas petition is partially unexhausted, this Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). As Petitioner has not sought or shown entitlement to a stay, and this Court cannot decide the claims on the merits on the limited record currently before the Court, Petitioner may either withdraw the unexhausted portions of his first claim, or, if he chooses to pursue the claim as is, must show cause within forty-five days why his habeas petition should not also be dismissed as unexhausted. Failure to respond to either portion of this Order to show Cause will result in Petitioner's habeas petition being dismissed.

(ECF No. 9 at 1-4.)

In his response, Petitioner attempts to evade the timeliness issue by presenting postage remits to suggest that he attempted to file his first PCR petition in February 2018, six months before it was actually deemed filed by the state PCR court in August 2018. (*See* ECF No. 10 at 5-8.) Petitioner's response, however, completely fails to address the exhaustion issue instead requesting "clarification" without further detail. As Petitioner himself asserts in his habeas petition, he "exhausted only a portion of [Ground 1 as] trial counsel and PCR withheld and failed to address [two] investigative reports" which are a portion of the subject of this ground for relief. (ECF No. 3 at 6.) Petitioner made clear that he has an unexhausted claim which was not presented

3

to the highest state court – his claim regarding the two investigative reports. As a portion of this ground is unexhausted,[1] and as Petitioner has not elected to withdraw that ground or seek a stay as provided by this Court's prior Order, and because this Court cannot reject the claim on the merits on the record currently before the Court, this Court is left with only one option – to dismiss the habeas petition without prejudice for failure to exhaust. *See Mallory*, 563 F. App'x at 215. Petitioner's habeas petition is therefore dismissed without prejudice as an unexhausted mixed petition. Because the instant habeas petition shall be dismissed, this Court need not and does not decide the time bar issue at this time.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is an unexhausted mixed petition which must be dismissed without

---

[1] Petitioner's second ground for relief also appears to be unexhausted as Petitioner asserts it was not considered on the merits because of a "timeliness violation" in his second PC. (*See* ECF No. 3 at 8.)

prejudice, Petitioner shall be denied a certificate of appealability as to the dismissal of his petition on exhaustion grounds.

In conclusion, Petitioner's habeas petition (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge